# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREA CLARK,**

   **Plaintiff,**

**v.**                  **Case No: 6:15-cv-1434-Orl-31TBS**

**STARWOOD HOTELS & RESORTS
WORLDWIDE, INC. and SHERATON
VISTANA RESORT, INC.,**

   **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 9) filed by the Plaintiff, Andrea Clark. Although the deadline for a response ran on September 27, 2015, no response has been filed.

This case was filed in state court on July 29, 2015. (Doc. 2 at 1). It was removed by Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood")[1] on September 2, 2015 on the grounds of diversity jurisdiction. (Doc. 1 at 1). In her complaint (Doc. 2), Clark alleges that she was injured as a result of the Defendants' negligence when she tripped over a "misplaced parking bumper" in a parking lot they controlled.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. As the removing party, Starwood bears the burden of establishing that federal jurisdiction exists. *See, e.g., Williams v.*

---

[1] In its notice of removal, Starwood contends that its co-defendant had not yet been served and therefore its consent was not required. (Doc. 1 at 3).

*Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Clark does not dispute that the parties to this matter are diverse. However, she contends that Starwood has not shown that the amount in controversy exceeds $75,000.

Clark's complaint does not provide specifics as to the amount of damages she allegedly sustained or even the precise injury or injuries she allegedly suffered. Instead, she simply seeks to recover damages "in excess of Fifteen Thousand Dollars ($15,000)." (Doc. 2 at 4). When a complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams* at 1319. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Id.*

Although Starwood contends that "a fair reading of the Complaint indicates that the amount in controversy exceeds the sum of $75,000" (Doc. 1 at 3), it provides nothing in the way of examples to substantiate this contention, and the Court's review of that four-page document has not uncovered any. In the notice of removal, Starwood points to only one item as supporting its belief that the amount in controversy has been met: correspondence received from Clark's attorney, dated August 23, 2013, indicating that Clark had suffered a fractured ankle and four metatarsal fractures as a result of her accident and asserting that she was being treated by an orthopedic surgeon. (Doc. 1 at 3). However, the correspondence does not include a monetary amount – such as, for example, a settlement demand or a recitation of medical bills incurred to date – or anything else that would suggest that the amount in controversy exceeds $75,000.

Starwood has not satisfied its burden of demonstrating that the jurisdictional threshold has been met in this case. Accordingly, it is hereby

**ORDERED** that the Motion to Remand (Doc. 9) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 19, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party